IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CLYDE LAMB,

    Plaintiff,

v.

WAYNE BENNETT, Sheriff; DISTRICT
ATTORNEYS OFFICE, State of Georgia,
and PUBLIC DEFENDERS OFFICE,
State of Georgia,

    Defendants.

CIVIL ACTION NO.: CV208-172

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed an action pursuant to 42 U.S.C. § 1983 while he was housed at the Glynn County Detention Center. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that the Public Defender's Office has violated his right to a speedy trial, his right to due process, and his right to access to the courts. Plaintiff also contends the District Attorney's Office waited several months before filing an indictment against him and that he has been waiting in jail for over a year without a trial. Plaintiff generally contends that, while he has been in jail, he has suffered violations of his First, Eighth, and Fourteenth Amendment rights by Defendant Bennett, the Glynn County Sheriff, and his staff.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right

or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir.2000) (emphasis in original) (citation omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). The State appointed an attorney from the Public Defender's Office to represent Plaintiff during his criminal prosecution; however, Plaintiff has failed to show that this appointed attorney did not perform a lawyer's traditional functions during the course of his representation of Plaintiff. Plaintiff cannot sustain his claims against the Public Defender's Office.

In addition, prosecutors are immune from liability under the doctrine of prosecutorial immunity for actions taken within the scope of their office. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Prosecutorial immunity in § 1983 suits is derived from judicial immunity. Id. at 427. Policies supporting prosecutorial immunity include concerns "that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. Plaintiff has not alleged that anyone in the District Attorney's Office acted outside the scope of his or her positions. Accordingly, Plaintiff cannot maintain a claim against the District Attorney's Office.

Finally, a plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any

factual allegations against Defendant Bennett which would indicate that Defendant Bennett is responsible for any alleged violation of Plaintiff's constitutional rights, Plaintiff's claims against Defendant Bennett should be dismissed.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 19th day of May, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE